IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FELICIANO ESCOVEV GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0166 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner FELICIANO ESCOVEV GONZALES has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the validity of his conviction, entered November 18, 1992, for the felony offense of attempted murder out of the 181st Judicial District Court of Potter County, Texas, and the resultant life sentence. For the reasons hereinafter expressed, the Magistrate Judge recommends petitioner's habeas application be dismissed for lack of jurisdiction due to his failure to request permission from the Fifth Circuit to file a second or successive petition.

I.
PRIOR PROCEEDINGS

On January 16, 1996, petitioner filed with this Court a federal application for a writ of habeas corpus challenging his November 18, 1992 attempted murder conviction. *Gonzales v. Johnson*, No. 2:96-CV-0018. On January 29, 1997, this Court dismissed petitioner's federal

habeas application for failure to exhaust his available state court remedies.

On December 3, 1998, petitioner filed with this Court a second federal application for a writ of habeas again challenging his November 18, 1992 attempted murder conviction. *Gonzales v. Johnson*, No. 2:98-CV-0394. On September 27, 1999, this Court dismissed petitioner's federal habeas application as time barred by the statute of limitations. Petitioner did not appeal this Court's judgment to the Fifth Circuit Court of Appeals.

On August 24, 2004, petitioner filed with this Court a third federal application for a writ of habeas challenging the same November 18, 1992 attempted murder conviction. *Gonzales v. Johnson*, No. 2:04-CV-0224. On September 27, 1999, this Court dismissed petitioner's federal habeas application for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2244(b)(3)(A), due to petitioner's failure to obtain permission from the Fifth Circuit Court of Appeals to file a second or successive application for federal habeas corpus relief. Petitioner did not appeal this Court's judgment to the Fifth Circuit Court of Appeals.

On June 8, 2005, petitioner filed the instant application for federal habeas relief with this Court – his fourth petition challenging his November 18, 1992 attempted murder conviction. By his application, petitioner alleges the prosecution failed to tell petitioner about favorable evidence, *i.e.*,:

> On May 1, 2005, I was informed by certain individuals that the police had interviewed them concerning the crime for which I was convicted. These interviews were not disclosed to my attorney before the trial due to the "open file policy" employed by Potter County.

Petitioner concluded that he "require[s] discovery to obtain these interviews."
   In a memorandum in support of his application, petitioner argues the instant petition is

not a successive or second application and, therefore, he does not need to obtain permission from the Fifth Circuit Court of Appeals to file the instant habeas petition. Petitioner contends a "habeas application filed after a previous application was fully adjudicated on the merits or an evidentiary hearing was held is a second or successive application, but, if none of the claims raised in the earlier application were adjudicated on the merits or an evidentiary hearing was [not] held on the earlier application, any subsequent application is not second or successive." Petitioner concludes that as "none of the earlier application[s] in the instant case were dismissed due to an adjudication on the merits of the claims presented nor was there an evidentiary hearing held in any of them, the instant application is not 'second or successive.'"

I.
PERMISSION TO FILE APPLICATION

In his memorandum, petitioner has quoted, and relied upon, pre-1996 language of 28 U.S.C. § 2244(b). The current 28 U.S.C. § 2244(b)(2) requires a district court to dismiss a claim presented in a second or successive habeas application that was not presented in a prior application unless the petitioner shows the claim (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) is based on a factual predicate that could not have been discovered previously through the exercise of due diligence and which, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found petitioner guilty of the underlying offense. There is no requirement in the current statute that previous claims be adjudicated on the merits or that an evidentiary hearing be held in order for a subsequent habeas

application to be considered a "second" or successive application.

Title 28 U.S.C. § 2244(b)(3)(A) further provides that *before* a second or successive application permitted by section 2244(b)(2) is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Before a district court may consider a second or successive habeas corpus application, the applicant must obtain permission from the appropriate court of appeals to file such application with the district court. Such permission may be acquired only by filing with the appropriate appellate court a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

The instant application for habeas relief is clearly a "second or successive habeas corpus application" within the meaning of section 2244(b) because it raises a claim concerning the same conviction or sentence to which petitioner's prior habeas applications were addressed. Even assuming the claims asserted in this second application are permitted by section 2244(b)(2), petitioner has made no showing of having obtained authorization from the Fifth Circuit Court of Appeals, the appropriate appellate court, to file this "second" federal habeas corpus application. Because petitioner has failed to move the appropriate appellate court for permission to file a "second" federal habeas petition with this Court as required by 28 U.S.C. § 2244(b)(3)(A), this Court has no authority to consider his request for relief. Consequently, this Court lacks subject

matter jurisdiction to consider petitioner's application for a writ of habeas corpus. Petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 2244(b)(3)(A) so that petitioner may seek the requisite order from the Fifth Circuit Court of Appeals authorizing the filing of this application.

## II.
## EXHAUSTION OF STATE COURT REMEDIES

Petitioner has not argued he has satisfactorily exhausted all available state court remedies as required by 28 U.S.C. § 2254(b), (c). Moreover, it does not appear petitioner has filed a state habeas application after May 1, 2005, the date petitioner contends he learned of the State's alleged *Brady* violation. Consequently, it does not appear petitioner has presented to the highest court of the State of Texas the substance of the claim he now presents to this Court. Therefore, it is the alternative recommendation of the undersigned United States Magistrate Judge that this cause should be dismissed for failure to exhaust state court remedies.

## III.
## *BRADY* VIOLATION

Even if this Court had jurisdiction to consider petitioner's habeas application and could overlook petitioner's failure to exhaust his state court remedies, petitioner's allegation raised in this habeas application would still be without merit. Petitioner alleges "certain individuals" were interviewed by the police concerning the crime for which he was convicted and that such interviews were not disclosed to petitioner's attorney before trial. Petitioner does not identify these individuals, does not disclose what information he contends the interviews revealed, or

how such information was exculpatory to petitioner if, in fact, it was.

To prevail on a claim under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), a petitioner must show (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defense, and (3) the evidence was material. *Drew v. Collins*, 964 F.2d 411, 419 (5th Cir. 1992), *cert. denied*, 509 U.S. 925 (1993). The evidence is *material* only if there is a *reasonable probability* that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Bagley*, 473 U.S. 667, 684, 105 S.Ct. 3375 (1985) (emphasis added). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. at 678, 684. Petitioner has not demonstrated any of the requirements to prevail on a *Brady* claim. Consequently, even if this Court were to consider the merits of petitioner's allegation, his claim would fail. Moreover, to the extent, petitioner is filing the instant habeas application in an attempt to obtain discovery of the purported interviews, petitioner has not shown good cause for such discovery, particularly when he already knows the identity of some, if not all, of the individuals in question.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner FELICIANO ESCOVEV GONZALES be DISMISSED for lack of subject matter jurisdiction due to petitioner's failure to obtain permission from the Fifth Circuit to file a second or successive petition.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of March 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).